Sheehan & Associates, P.C.
Spencer Sheehan
spencer@spencersheehan.com
(516) 303-0552

United States District Court
Southern District of New York                           1:19-cv-01356

| Wanda Watson individually and on behalf of all others similarly situated | |
|---|---|
| Plaintiff | |
| - against - | Class Action Complaint |
| Kellogg Sales Company | |
| Defendant | |

Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Kellogg Sales Company ("defendants") manufactures, markets, distributes and sells products identified as graham crackers under the Keebler brand ("Products").

2. The Product varieties include original, honey, cinnamon and fudge, sold to consumers nationwide from stores and websites by third-parties in various sizes.

3. The common relevant front label representations include golden brown crackers, an unfurled scroll, "grahams" in stylized font several times larger than "crackers," immediately beneath it and a stalk of wheat over the "gra" in "grahams"

4. The labels for the "honey" product contains a jar of honey with a honey dipper and the "cinnamon" contains several rolls of cinnamon.

5. The fudge version is identified as "Deluxe Grahams" and "Fudge Covered Graham Crackers."

1






6. Defendant's website identifies the non-fudge Products as "Grahams" followed by the variety (honey, cinnamon) and states "Enjoy the crispy texture and [sweet/sweet honey/cinnamon] flavor of these graham crackers."[1]

---

[1] https://www.keebler.com/en_US/products/keebler-grahams-cinnamon-product.html



7. Leading retailers like Walmart list the Products on their websites as "Graham Crackers," and are provided descriptions, images and copy by defendant and its agents.[2]



8. The Products' representations as "graham(s) crackers" is misleading, false, deceptive and unfair because it creates an erroneous impression that graham flour is the predominant or exclusive flour component, as opposed to white flour.

9. This is because the predominant flour in the Products is refined, white flour ("enriched flour"), indicated on the ingredient list below for the honey variety though the proportion of graham flour to non-graham flour is consistent across the varieties.

---

[2] https://www.walmart.com/ip/Keebler-Original-Graham-Crackers-15-oz/11045779

**INGREDIENTS:** ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, VITAMIN $B_1$ [THIAMIN MONONITRATE], VITAMIN $B_2$ [RIBOFLAVIN], FOLIC ACID), SUGAR, CANOLA OIL, GRAHAM FLOUR, MOLASSES, CORN SYRUP, HONEY, HIGH FRUCTOSE CORN SYRUP, CONTAINS 2% OR LESS OF CALCIUM CARBONATE, SALT, BAKING SODA, ARTIFICIAL FLAVOR, SOY LECITHIN.

ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, VITAMIN B1 [THIAMIN MONONITRATE], VITAMIN B2 [RIBOFLAVIN], FOLIC ACID), SUGAR, CANOLA OIL, GRAHAM FLOUR, MOLASSES, CORN SYRUP, HONEY, HIGH FRUCTOSE CORN SYRUP, CONTAINS 2% OR LESS OF CALCIUM CARBONATE, SALT, BAKING SODA, ARTIFICIAL FLAVOR, SOY LECITHIN.

10. Consumers increasingly seek foods with more whole grains, because of its health benefits and association with lower risk of several diseases and conditions, which are not attributes connected with white flour.

11. Graham flour is type of whole wheat flour and is a coarse-ground, "unbolted" flour, made from the whole grain – endosperm, germ, and bran.

12. Enriched flour – known as white flour or flour – is made from refined grains that only containing the endosperm.

13. It is reasonable for consumers to expect the Products to contain more graham (whole wheat) flour than non-graham flour because the products are named "graham(s) crackers."

14. Through "graham(s)" preceding and modifying "crackers," it tells a reasonable consumer what kind of cracker they are getting.

15. Consumers expect foods to have common or usual names which contain simple and direct terms to indicate its basic nature and characterizing properties or ingredients.

16. When the proportion or amount of a component has a material bearing on price or consumer acceptance, it is deceptive and misleading for the representations to create the erroneous impression that a valued component is present in an amount greater than is actually the case.

17.  Though the Products are represented and labeled as grahams crackers, the representations do not reveal the percentage that is graham flour compared to white flour.

18.  The Products are not represented as "crackers" with a statement "contains some graham flour."

19.  Dictionaries confirm what reasonable consumers expect of graham crackers, defining them as "a slightly sweet cracker made of whole wheat flour" and "a semisweet cracker, usually rectangular in shape, made chiefly of whole-wheat flour."[3]

20.  The Products' use of "graham(s)" gives the incorrect and misleading impression that graham flour (whole grain) is used exclusively or predominantly instead of the refined flour which actually is the main flour component.

21.  The Products' description and name is misleading because it is not uniform among all identical or similar products ("graham crackers") where graham flour is the predominant flour.

 

---

[3] https://www.dictionary.com/browse/graham-cracker



**BEST INGREDIENTS:** Organic Whole Wheat Flour (graham flour), Organic Wheat Flour, Organic Cane Sugar, Organic Expeller-Pressed Sunflower Oil, Organic Honey, Leavening (baking soda, ammonium bicarbonate, cream of tartar), Organic Molasses, Sea Salt, Organic Brown Sugar, Organic Dried Molasses, Natural Flavor, Mixed Tocopherols (Vitamin E) to Protect Flavor, Organic Rosemary Extract.

**INGREDIENTS**

Whole Wheat Flour, Sugar, Sunflower Oil, Powdered Sugar, Molasses, Honey, Sunflower Lecithin, Leavening (Sodium Bicarbonate), Salt, Natural Flavor, Eggs, Milk.

22. In fact, defendant has previously sold a graham cracker worthy of its name, indicated by "graham flour" being the first ingredient listed in the label on the right, compared with the current ingredient list in the left label.




6

23. The practice of passing off refined white flour mixed with small amounts of coarser bran (whole grain) flour has plagued consumers for over 100 years.[4]

24. While the form of the misleading practice has changed, deceptive tactics regarding the amount of graham flour in products has not.

25. The honey variety is further misleading because consumers are accustomed to graham crackers being made in a traditional way, with honey as the predominant sweetening agent, as opposed to sugar.

26. However, the Products fail to conform to reasonable consumer expectations because they contain more sugar than honey.

27. The Products contain other representations which are misleading and deceptive.

28. Excluding tax, the Products cost no less than $2.88 per 15 oz, a premium price compared to other similar products.

### Jurisdiction and Venue

29. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

30. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

31. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

32. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and in New York.

33. A substantial part of events and omissions giving rise to the claims occurred in this

---

[4] J.A. Le Clerc et al., "Graham Flour: A Study of the Physical and Chemical Differences Between Graham Flour and Imitation Graham Flours," USDA Bureau of Chemistry Bulletin (164), Apr. 12, 1913

District.

## Parties

34. Plaintiff is a citizen of New York County, New York.

35. Defendant is a Delaware corporation with a principal place of business in Battle Creek (Calhoun County), Michigan.

36. In 2017 and/or 2018, plaintiff purchased one or more Products for personal consumption as represented herein, for no less than $2.99 per 15 oz, excluding tax, within this district and/or State.

37. Plaintiff paid this premium because prior to purchase, plaintiff saw and relied on the misleading representations.

38. Plaintiff would purchase the Products again if there were assurances that the Products' representations were no longer misleading.

## Class Allegations

39. The classes consist of all consumers in the following states: <u>all</u>, <u>New York</u> who purchased any Products with actionable representations during the statutes of limitation.

40. A class action is superior to other methods for fair and efficient adjudication.

41. The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

42. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

43. Plaintiff(s) claims and the basis for relief are typical to other members because all were subjected to the same representations.

44. Plaintiff(s) is/are an adequate representative because his/her/their interests do not conflict with other members.

45. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

46. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

47. Plaintiff(s) counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

48. Plaintiff(s) seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350 and Illinois Consumer Fraud and Deceptive Business Practices Act</u>

49. Plaintiff incorporates by references all preceding paragraphs.

50. Defendant's representations and omissions are false, unfair, deceptive and misleading and are not unique to the parties and have a broader impact on the public.

51. Plaintiff desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

52. The representations and omissions were relied on by plaintiff and class members, who paid more than they would have, causing damages.

<u>Negligent Misrepresentation</u>

53. Plaintiff incorporates by references all preceding paragraphs.

54. Defendant misrepresented the composition of the Products.

55. Defendant had a duty to disclose and/or provide non-deceptive labeling of the Products and knew or should have known same were false or misleading.

56. This duty is based, in part, on defendant's representation that the Products are

"Grahams Crackers" and "Graham Crackers – Honey" since graham flour and honey are more desirable flour and sweetening types to consumers.

57. Defendant negligently misrepresented and/or negligently omitted material facts.

58. This duty is based, in part, on the representations that the Products were "Grahams Crackers" because defendant had knowledge that consumers value healthier snack foods which contain more whole grains.

59. Defendant negligently misrepresented and/or negligently omitted material facts.

60. Plaintiffs reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

61. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, thereby suffering damages.

Breach of Express Warranty and Implied Warranty of Merchantability

62. Plaintiff incorporates by references all preceding paragraphs.

63. Defendant manufactures, labels and sells Products purporting to be derived predominantly from whole grains (graham flour) as opposed to refined white or enriched flour.

64. The representations as graham crackers and honey graham crackers warranted to plaintiff and class members that they contained nutrients such as fiber and protein, and honey, in superior amounts to what they actually possessed, based on if they were primarily from whole grains and had more honey than sugar.

65. Defendant warranted such attributes to plaintiff and class members, when this was not truthful and was misleading.

66. Defendant owed a special duty based on its outsized role in the cracker industry.

67. The Products did not conform to their affirmations of fact and promises, wholly due

to defendant's actions.

68. Plaintiff and class members relied on defendant's claims, paying more than they would have.

### Fraud

69. Plaintiff incorporates by references all preceding paragraphs.

70. Defendant's purpose was to mislead consumers who seek products with more nutrients and higher quality ingredients which confer health benefits.

71. Defendant's intent was to secure economic advantage in the marketplace against competitors.

72. Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

### Unjust Enrichment

73. Plaintiff incorporates by references all preceding paragraphs.

74. Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE,** plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff(s) as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct such practices to comply with the law;

3. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and GBL claims;

4. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

5. Such other and further relief as the Court deems just and proper.

Dated: February 12, 2019

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
505 Northern Blvd., Ste. 311
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com

Levin-Epstein & Associates, P.C.
Joshua Levin-Epstein
1 Penn Plaza, Suite 2527
New York, NY 10119

1:19-cv-01356
United States District Court
Southern District of New York

Wanda Watson individually and on behalf of all others similarly situated

Plaintiff

- against -

Kellogg Sales Company

Defendant

## Class Action Complaint

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  February 12, 2019

                                              /s/ Spencer Sheehan
                                                 Spencer Sheehan