Sheehan & Associates, P.C.

505 Northern Boulevard, Suite 311, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

May 7, 2019

District Judge Denise Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    Watson v. Kellogg Sales Company
                 1:19-cv-01356-DLC

Dear District Judge Cote:

      This office represents the plaintiff in the above action. In accordance with your Honor's Individual Practices in Civil Cases, 4(C), plaintiff submits the present letter to support the invocation of the Court's diversity jurisdiction in this action, prior to the Initial Pretrial Conference ("Conference") scheduled for Wednesday, May 8, 2019 at 11:00 AM in Courtroom 18B.

      According to plaintiff's pre-filing investigation, defendant Kellogg Sales Company is a corporation incorporated in Delaware with its principal place of business in Battle Creek, Michigan. Plaintiff is a citizen of New York State. ECF No. 1, ¶ 34. Since plaintiff and defendant are citizens of different states, the diversity requirement of the Class Action Fairness Act of 2005 ("CAFA") is satisfied. 28 USC § 1332(d)(2)(a). *Carter v. HealthPORT TECHNOLOGIES, LLC*, No. 15-1072 (2d Cir. May 10, 2016) ("diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant,"); *Harris v. ZIMMER HOLDINGS, INC.*, No. 18 Civ. 11271 (PAC) (S.D.N.Y. Apr. 26, 2019) ("It is well-established that such jurisdiction is proper only when there is "complete diversity," which does not exist if any plaintiff is a citizen of the same state of any defendant.").

      Under the "local controversy" exception, a district court must decline to exercise jurisdiction under CAFA under certain conditions not satisfied here. This is because greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are likely citizens of the other 49 states and because defendant is not a citizen of New York State. 28 U.S.C. § 1332(d)(4)(A)(i)(I)-(II).

      Under the "home state" exception, a district court must decline to exercise jurisdiction under CAFA if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This exception does not apply here because defendant is not "at home" in New York.

      The complaint alleged there is at at least $5,000,000 in controversy. ECF No. 1, ¶ 30. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

      Plaintiff alleged the amount in controversy exceeds the jurisdictional threshold because, similar manufacturers of snack foods sell approximately $10 million of a given brand per year. Based on the proposed class period of six years, including the fraud claims, total sales would likely exceed $60 million. *See Winn v. Mondelez LLC*, 4:17-cv-02524-DMR, Notice of Removal, (N.D. Cal, May 3, 2017), ECF 1 (defendant removed based on national sales of ginger snap cookies over eight-year period). Given the popularity and omnipresence of the Keebler brand graham crackers, plaintiff has a good faith belief their sales exceed those of ginger snap cookies sold by Mondelez Global, LLC. Thank you.

                                      Respectfully submitted,

                                      /s/ Spencer Sheehan
                                      Spencer Sheehan

Certificate of Service

I certify that on May 7, 2019, I served the foregoing by electronically filing and/or mailing (first-class mail) same, to the persons or entities indicated below, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendants' Counsel | ☒ | ☐ | ☐ |

/s/ Spencer Sheehan  
Spencer Sheehan