# Sheehan & Associates, P.C.

505 Northern Blvd Ste 311     tel. 516.303.0552     fax 516.234.7800
Great Neck NY 11021-5101      spencer@spencersheehan.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/2020

January 23, 2020

District Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Granted. Any amended
pleading must be filed by
1/29/20.
/s/ Denise Cote
1/24/20

Re: 1:19-cv-01356-DLC
Watson v. Kellogg Sales Company

Dear District Judge Cote:

     This office represents the plaintiff. In accordance with your Honor's Individual Rules of Practice in Civil Cases, plaintiff submits the present letter motion seeking to add plaintiff Joanne De La Cruz Beras and dismiss the claims of plaintiff Wanda Watson. *Staggers v. Otto Gerdau Company*, 359 F.2d 292 (2d Cir. 1966) (Rule "15(a) may be used to substitute new plaintiffs" citing *Hackner v. Guaranty Trust Co.*, 117 F.2d 95 (2d Cir.), cert. denied, 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520 (1941) (new plaintiff allowed to come into a case by amendment). Proposed plaintiff De La Cruz Beras is a resident of a county within this judicial district and purchased the Products within the statutes of limitations.

     The rules governing amendment of a complaint differ depending on when it is sought. Where a plaintiff seeks to amend within 21 days after service of the complaint or defendant's "service of a motion under Rule 12(b), (e), or (f)," Fed. R. Civ. P. 15(a)(1) permits such amendment as a "matter of course."

     In all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Attestor Value Master Fund v. Republic Argentina*, 940 F.3d 825, 833 (2d Cir. 2019) (upholding "Rule 15(a)(2)'s "liberal standard" as "consistent with our strong preference for resolving disputes on the merits."").

     Rules 15 and 21 control the addition and subtraction of parties and are often used interchangeably. *Junior Gallery, Ltd. v. Neptune Orient Line, Ltd.*, 1997 WL 26293, at *2 (S.D.N.Y. Jan. 22, 1997) ("[I]t is clear that Rule 15(a) may be utilized to add a new plaintiff."); *Fernandez v. Kinray, Inc.*, No. 13-cv-4938 (E.D.N.Y. Dec. 30, 2014) ("The mandate of Rule 15(a) that leave to amend shall be freely given applies to amendments joining additional plaintiffs"); *Andujar v. Rogowski*, 113 F.R.D. 151, 158 (S.D.N.Y. 1986) (allowing amendment under Rule 15 to add plaintiffs who had same cause of action against defendants as original plaintiffs); *Hernandez v. BMNY Contracting Corp.*, No. 17-cv-9375, 2019 WL 418498, at *1 (S.D.N.Y. Jan. 17, 2019) (applying Rule 21 where plaintiff sought to add a new party without asserting new claims); *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) (concluding there is "little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion.").

     Regardless of whether a court relies on Rule 15 or Rule 21, motions to add parties are evaluated under the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Hernandez v. Sikka*, No. 17-cv-4792, 2019 WL 1232092, at *5 (E.D.N.Y. Mar. 15, 2019)

quoting *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011).

Together, Rules 15 and 21 provide movants with an extremely liberal standard to meet. Courts should generally grant motions to amend absent any evidence of bad faith, undue delay, or undue prejudice to the non-movant. *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 228 (1962)).

Plaintiff submits that undue delay does not characterize its efforts because this request is made within the time period by which all fact discovery is required to be completed. ECF No. 30, Order on Defendant's Motion to Dismiss and Scheduling Order, October 15, 2019 ("all fact discovery must be completed by March 6, 2020").

Since plaintiff's request does not affect a Scheduling Order, the "lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009); Fed. R. Civ. P. 16(b)(4) (a "schedule may be modified only for good cause and with the judge's consent."); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend.").

There is no evidence of "dilatory motive" as plaintiff has moved promptly to seek leave for amendment. *Am. Med. Ass'n v. United Healthcare Corp.*, No. 00-cv-2800, 2006 WL 3833440, *4 (S.D.N.Y. July 24, 2008). Plaintiff informed defendant promptly when it was determined another plaintiff would be needed in this action, given that the current plaintiff could no longer participate.

Nor would plaintiff's amendment be futile, as there has not "been a repeated failure to cure deficiencies in the pleading by prior amendments." *Wingate v. Correction Officer Gives*, No. 05-cv-1872 (S.D.N.Y. Feb. 13, 2009).

Plaintiff's requested amendment would not cause "undue prejudice" to defendant because it would not require defendant "to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir.2008) ("Undue prejudice arises when an "amendment [comes] on the eve of trial and would result in new problems of proof."). Defendant did not have to depose plaintiff Watson or review discovery responses provided by plaintiff Watson. Defendant allowed plaintiff additional time to provide discovery responses for the incoming named plaintiff, which were provided on January 21, 2020.

Most significantly, defendant has consented to the proposed substitution of plaintiff Watson with plaintiff De La Cruz Beras. Rule 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent"). Should the Court grant the within request, the undersigned will file a second amended complaint ("SAC") adding the new plaintiff followed by a dismissal of plaintiff Watson's claims. Thank you.

Respectfully submitted,

/s/Spencer Sheehan
Spencer Sheehan

2